UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELISABETH HIRKO,

        Plaintiff,

- against -

UNITED STATES OF AMERICA, STEVEN
CANTOR and K.E.M. ENTERPRISES INC.,

        Defendants.
------------------------------------------------------------X
UNITED STATES OF AMERICA,

        Cross-Claim Plaintiff,

- against -

STEVEN CANTOR,

        Cross-Claim Defendant,
and

JOYCE MILILLO,

        Additional Defendant on
        the Cross-Claim.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
03-CV-4741 (DRH) (MLO)

**A P P E A R A N C E S :**

**MICHAEL B. SCHULMAN & ASSOCIATES, P.C.**
Attorneys for Plaintiff
145 Pinelawn Road, Suite 310N
Melville, New York 11747
By: Michael B. Schulman, Esq.

**BENTON J. CAMPBELL,**
**UNITED STATES ATTORNEY**
Attorneys for Defendant and Cross-Claim Plaintiff United States of America
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
By: Karen Wozniak, Trial Attorney, Tax Division

**LONG, TUMINELLO, BESSO, SELIGMAN, QUINLAN & WERNER, LLP**
Attorneys for Cross-Claim Defendant Steven Cantor and Additional Defendant on the Cross-Claim Joyce Milillo
120 Fourth Avenue
PO Box 5591
Bay Shore, New York 11706
By: Harold C. Seligman, Esq.

**HURLEY, District Judge:**

Defendant/cross-claim plaintiff the United States of America (the "United States") has moved for summary judgment against cross-claim defendant Steven Cantor ("Cantor") pursuant to Federal Rule of Civil Procedure ("Rule") 56. The United States seeks an order: (1) declaring that the United States has a valid and subsisting federal tax lien on all property, and rights to property, belonging to Cantor, including his 100 shares of stock in K.E.M. Enterprises, Inc. ("KEM"); (2) foreclosing the federal tax lien upon Cantor's KEM stock; (3) directing that Cantor's KEM stock be sold free and clear of any right, title, lien, claim or interest; and (4) directing the sale of the proceeds to be distributed to the United States toward satisfaction of its lien, with any excess proceeds to be distributed to such parties in such amounts as this Court deems appropriate. Cantor has not filed any opposition papers. For the reasons that follow, the United States's motion is granted.

*BACKGROUND*

The following facts, which are supported by the record, will be deemed admitted.

**I.    *The Pleadings***

Plaintiff Elisabeth Hirko ("Plaintiff") filed the instant action in the New York State Supreme Court, Suffolk County, to quiet title to real property located at 275 Timber Point Road, East Islip, New York upon which the United States had filed a tax lien. The United States

removed the action to this Court. The Complaint was later amended adding Cantor and KEM as defendants and seeking additional relief against them.

The United States cross-claimed against Cantor, joining Joyce Milillo ("Milillo") as an additional defendant on the cross-claim, seeking adjudication with respect to Cantor's interest in KEM. Specifically, the United States alleged that on February 6, 1995, the IRS made a single assessment against Cantor pursuant to 26 U.S.C. § 6672 as a responsible person of Cantor Bros. Glass Corp. ("CBGB") who "willfully fail[ed] to collect . . . or truthfully account for and pay over" income and FICA taxes withheld from the wages of CBGC's employees. The United States further alleged that it had served Cantor with statutory notice of the assessment under § 6672 and demanded payment. Despite its demands, Cantor failed to make payment. The cross-claims seek: (1) a determination that the United States has a valid and subsisting federal tax lien on all property, and rights to property, belonging to Cantor, including his stock in KEM; (2) a determination that Milillo held title to the stock in KEM as a nominee or alter ago of Cantor; (3) a determination that the United States has a valid and subsisting federal tax lien on the stock of KEM; and (4) an order to foreclose its lien upon the stock of KEM, to have the stock sold free and clear of any right, title, lien, claim or interest, and to have the sale proceeds distributed to the United States toward satisfaction of Cantor's tax liability.

**II.**     ***The United States's Motion for Summary Judgment as Against Plaintiff is Granted***

On July 29, 2005, the United States filed a motion for summary judgment against Plaintiff seeking an order setting aside Cantor's March 1993 transfer of his interest in the 275 Timber Point Road property to Plaintiff to the extent necessary to satisfy Cantor's § 6672 tax liability. The United States also sought an order declaring that the federal tax liens against

Cantor with respect to the § 6672 liability attached to the subject property, on the ground that the transfer of Cantor's interest was fraudulent as against the United States. The Court granted the United States's motion by Memorandum of Decision and Order dated March 16, 2006.[1]

## III. *Evidence Pertaining to the United States's Cross-Claims*

The only claims remaining in this action are the United States's cross-claims against Cantor. At the time the cross-claims were brought, all of the stock of KEM was held in Milillo's name and Cantor's ownership in the stock was in dispute. The parties now agree that Cantor owns half of the stock in KEM. (*See* Joint Proposed Pre-Trial Order, Stipulated Facts, at 6, docket no. 77.) In addition, at the time the cross-claim was brought, there were two outstanding § 6672 assessments against Cantor. Since then, one of the § 6672 assessments against Cantor has been fully paid.

In support of its motion for summary judgment on its cross-claims, the United States proffers the Declaration of Andrew Barone, who is employed by the Internal Revenue Service ("IRS") as a Technical Services Advisor in the Small Business/Self-Employed Compliance Technical Services Advisory Unit. Mr. Barone states that in his official capacity with the IRS, he has access to the records to the IRS with regard to Cantor. The files and records of the IRS[2] indicate that on February 6, 1995, the IRS made a single assessment in the amount of $122,305.28 against Cantor pursuant to 26 U.S.C. § 6672 as a responsible person of CBGB who willfully failed to collect or truthfully account for and pay over income and FICA taxes withheld

---

[1] This decision was later amended on April 3, 2006 to correct non-substantive errors in the original decision.

[2] The official IRS records are attached to Mr. Barone's Declaration.

from the wages of CBGC's employees. This assessment encompassed Cantor's liability for the tax periods of CBGB ending September 30, 1992, December 31, 1993, March 31, 1994, and June 30, 1994. On February 6, 1997, the IRS served Cantor with notice under § 6672 and demanded payment. Cantor has thus far neglected to fully pay the § 6672 assessment and the current balance due is $74,257.35, plus statutory interest and additions from August 31, 2007.

**IV.**   *The Present Motion: The United States's*
         *Motion for Summary Judgment as to its Cross-Claims*

On August 8, 2007, the Court issued a briefing schedule on the United States's motion for summary judgment against Cantor. In accordance with that schedule, the United States served the instant motion for summary judgment on counsel for Plaintiff, as well as counsel for Cantor and Milillo, on September 7, 2007. By Orders filed October 15, 2007 and November 9, 2007, the Court granted Cantor additional time to submit opposition papers pending the parties' settlement discussions. On November 9, 2007, the deadline for Cantor to serve a response was set for January 8, 2008, and the deadline for the United States to serve reply papers, and file all papers with the Court pursuant to the Court's bundle rule, was set for January 22, 2008. To date, Cantor has not responded to the United States's motion.

Because Cantor failed to serve opposition papers, counsel for the United States inadvertently failed to file its motion papers by January 28, 2008. Realizing its mistake, on May 20, 2008, the United States moved for permission to belatedly file its motion. In her application, counsel for the United States explained that she attempted to confer with Plaintiff's attorney, as well as counsel for Cantor and Milillo, regarding her request to belatedly file her motion but received no response. More specifically, she left two voicemail messages and two e-mail messages for both attorneys indicating the government's intent to file an application for leave to

belatedly file its summary judgment motion and requesting a response. As of the date of the government's filing of the present motion, neither counsel has contacted her. (*See* docket no. 84.) By Order dated May 29, 2008, the United States's application to file its summary judgment motion was granted. The motion was filed on June 5, 2008.

## DISCUSSION

### I. *Applicable Law and Legal Standards*

#### A. *Unopposed Motion for Summary Judgment*

The Second Circuit, in the seminal case of *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241 (2d Cir. 2004), addressed the proper analysis that districts courts should employ when presented with an unopposed motion for summary judgment. The court held that "Fed. R. Civ. P. 56, governing summary judgment motions, does not embrace default judgment principles." *Id.* at 242. Thus, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Id.* In addition, "[a]lthough the failure to respond may allow the district court to accept the movant's factual assertions as true, *see* Local Civ. R. 56.2," *id.* at 246, the district court "must be satisfied that the citation to evidence in the record supports the assertion." *Id.* at 244.

#### B. *Summary Judgment Standard*

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d

712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Delaware & Hudson Ry. Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).

The district court, in considering a summary judgment motion, must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that

the respective parties will bear at trial guide district courts in their determination of summary judgment motions. *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *Id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587).

## *II.     The United States's Motion For Summary Judgment is Granted*

The United States's motion for summary judgment seeks an order directing the following relief: (1) declaring that the United States has valid and subsisting federal tax liens on all property, and rights to property, belonging to Cantor, including his 100 shares of stock in KEM; (2) foreclosing the federal tax liens upon Cantor's KEM stock; (3) directing Cantor's stock in KEM to be sold free and clear of any right, title, lien, claim or interest; and (4) directing the sale of the proceeds to be distributed to the United States toward satisfaction of Cantor's tax liability, with any excess proceeds distributed to such parties in such amounts as this Court determines.

Taking these applications in the order requested, the Court first finds that the United States has a valid tax lien on Cantor's property, including his stock in KEM. The IRS's assessment was made pursuant to 26 U.S.C. § 6672, which provides, in pertinent part:

> Any person required to collect, truthfully account for, and pay over
> any tax imposed by this title who willfully fails to collect such tax,
> or truthfully account for and pay over such tax, or willfully
> attempts in any manner to evade or defeat any such tax or the

> payment thereof, shall, in addition to other penalties provided by
> law, be liable to a penalty equal to the total amount of the tax
> evaded, or not collected, or not accounted for and paid over. . . .

26 U.S.C. § 6672(a). Given Cantor's failure to present any evidence with regard to this assessment, the government's assessment is presumed correct. *See United States v. McCombs*, 30 F.3d 310, 318 (2d Cir. 1984) ("In general, a government tax assessment is entitled to a presumption of correctness. . . . In the context of section 6672, however, courts have extended the presumption of correctness not merely to the amount of the assessment itself but also to the existence of the two elements, responsibility and willfulness, that underlie the imposition of this type of tax liability.").

> Section 6321 of the Internal Revenue Code provides that:
>
> If any person liable to pay any tax neglects or refuses to pay the
> same after demand, the amount (including any interest, additional
> amount, addition to tax, or assessable penalty, together with any
> costs that may accrue in addition thereto) shall be a lien in favor of
> the United States upon all property and rights to property, whether
> real or personal, belonging to such person.

26 U.S.C. § 6321. The lien described in § 6321 "arise[s] at the time the assessment is made and . . . continue[s] until the liability for the amount so assessed (or a judgment against the tax-payer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." *Id.* § 6322.

Here, the government's evidence establishes that on February 6, 1995, the IRS made a single assessment in the amount of $122,305.28 against Cantor pursuant to 26 U.S.C. § 6672. On February 6, 1997, the IRS served Cantor with notice under § 6672 and demanded payment. The balance currently due is $74,257.35 plus statutory interest and additions from August 31, 2007. Because Cantor has thus far failed to fully satisfy his tax liability, pursuant to

sections 6321 and 6322, the United States has a valid federal tax lien on all property and rights to property belonging to Cantor, including his 100 shares of stock in KEM.

Pursuant to 26 U.S.C. § 7403(c), the existence of a valid federal tax lien permits the Court, upon adjudication in a civil action like the instant action, to decree a sale of property to enforce the lien. *See United States v. Barkley*, 2006 WL 2589188, at *2 (E.D.N.Y. July 12, 2006) (citing 26 U.S.C. § 7403(c)). Given the valid tax lien on Cantor's stock, the Court finds that the United States's motion for summary judgment should be granted in its entirety. Accordingly, the Court finds that the federal tax lien upon Cantor's stock in KEM should be foreclosed and that such stock may be sold in a judicial sale pursuant to § 7403(a), with any proceeds in excess of the § 6672 liability distributed to such parties in such amounts as this Court determines.

## *CONCLUSION*

For all of the above reasons, the United States's motion for summary judgment is GRANTED. Accordingly, the Court declares that the United States has valid and subsisting federal tax liens on all property and rights to property belonging to Steven Cantor, including his 100 shares of stock in K.E.M. Enterprises, Inc. It is further Ordered that the federal tax liens are foreclosed upon Cantor's stock in K.E.M. Enterprises, Inc. and that such stock may be sold in a judicial sale pursuant to 26 U.S.C. § 7403(a), free and clear of any right, title, lien, claim or interest of Cantor. It is further Ordered that the sale of the proceeds shall be distributed to the United States toward satisfaction of the tax liability assessed against Steven Cantor pursuant to 26 U.S.C. § 6672, with any excess proceeds distributed to such parties in such amounts as this Court deems proper.

The United States is directed to submit an Order setting forth the specific procedures for the sale by March 20, 2009. The United States shall also indicate to the Court whether or not it intends to discontinue its claims against Joyce Milillo.

**SO ORDERED.**

Dated: Central Islip, New York
      March 13, 2009                   /s                    
                                                   Denis R. Hurley,
                                                   United States District Judge